UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:19-cr-00428-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DeAnna Elaine Martinez

    Defendant.

---

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

---

    Ms. Martinez, initially pro se but through counsel in a reply, moves for reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 102 ]. The government opposes the motion. ECF No. 105. After considering the motion, response and reply, the applicable factors provided in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(c)(1)(A), and the applicable policy statements issued by the Sentencing Commission, the Court now denies the motion for the following reasons:

    1.    Ms. Martinez is a 52-year old women currently housed in a "halfway house, RRM Phoenix Independence House South Federal, located on South Federal Boulevard in Denver, Colorado. On July 20, 2020 she pled guilty to knowingly and willfully making false statements for the purpose of obtaining benefits under Title XVI of the Social Security Act to which she was not entitled. *See* ECF No.63. On September 30, 2020 she was sentenced to a term of imprisonment of 15 months plus three years' supervised release. ECF No. 95. Her Guideline

range was 24 to 30 months on an Offense Level 15 and Criminal History Category III.  She was also ordered to pay restitution in the amount of $447,802.04.

2.	She self-surrendered to the BOP on or about February 15, 2021.  By the Court's count, he has served approximately 57% of her total sentence.

3.	At some point after her surrender the BOP, exercising its authority and discretion under the CARES Act, moved Ms. Martinez out of a prison setting into the halfway house.  It determined that placement of Ms. Martinez in home confinement (a placement decision only the BOP, not the Court, can make) was not appropriate.  She now wants the Court to reduce the remainder of her sentence to time served so that she can go home and begin her period of supervised release.

4.	To support her motion Ms. Martinez provides the following list of health issues from which she suffers: "lumbar spondylosis; lumbar radiculopathy; knee pain; foot pain; I am restricted from climbing stairs; high blood pressure; asthma; fibromyalgia; M.S.; pinched nerves in lower back; blind in right eye; hypercholesterolemia; hypertriglyceridemia; interstitial cystitis; polyuria; hypokalemia; bipolar with borderline personality disorder; generalized anxiety; severe depression; suicidal ideation; obstructive sleep apnea." ECF No. 102 at 5.  She also provides a long list of her prescribed medications.  *Id.* at 10.  She attaches several letters from health care providers who collectively indicate that they have diagnosed and treated her for some or all of these conditions.

5.	Notably, however, she does not say, nor does she provide any evidence, that she is not receiving adequate medical care in custody.  The BOP initially placed Ms. Martinez in a BOP medical unit and later released her to a halfway house. ECF No. 105 at 2.  The BOP has a

2

duty to provide inmates with adequate medical care, and the Court has no reason to believe that they have not done so.

6.  Moreover, the Court was aware of many, if not all, of Ms. Martinez's physical and mental health issues when it sentenced her. These were discussed in the Presentence Investigation Report. ECF No. 71 at 14-15. They were also highlighted in her motion for a variant sentence, filed by her then counsel. ECF No. 81 at 5-7. The Court nevertheless sentenced her to 15 months, which was nine months below the bottom of the sentencing guidelines. One must bear in mind that, over an extended period of time, Ms. Martinez defrauded and stole a very large amount of money from the United States.[1] The Court considered such factors as the nature and circumstances of the crime, her criminal history, her failure to respect the law, punishment, and deterrence, as well as Ms. Martinez's mitigating health issues, in framing a sentence.

7.  The Court will assume for present purposes only that she has exhausted her administrative remedies. The Court will further assume that Ms. Martinez does suffer from all the conditions she listed, that the collection of conditions is serious and disabling, and that she reasonably needs physical and mental health care. Nevertheless, the Court finds that she has not provided an extraordinary and compelling reason to further modify her sentence to time served.

## ORDER

For the reasons discussed in this order, defendant's motion for a compassionate release, ECF No. 102, is DENIED.

---

[1] In reviewing the file for the pending motion, I learned that the government is now moving for leave to take Ms. Martinez's deposition because it has learned that Ms. Martinez and her husband transferred title to their real property in Pueblo to two of their children by quit claim deed after their initial appearances in this case (her husband was a co-defendant). The government is investigating whether this might have been a fraudulent transfer to avoid a future judgment lien for the unpaid restitution.

Dated November 1, 2021

By the Court

*[signature: Brooke Jackson]*

R. Brooke Jackson

U.S. District Court Judge